

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL IFEDIBA,<br><br>                 Plaintiff,<br><br>       v.<br><br>ESTHER FLORES, et al.,<br><br>                 Defendants. | **Case No. CV 15-07410 JAK (RAOx)**<br><br>[~~PROPOSED~~] ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS* |

## I.

## FACTUAL BACKGROUND

Plaintiff Paul Ifediba ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Esther Flores, George Sierra, and Joe Heredia ("Defendants") on June 19, 2015. Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl."), Dkt. No. 1. Defendants are allegedly former tenants of real property located in Inglewood, California ("the property"). Compl., ¶ 3.

On June 8, 2015, Plaintiff served on defendants a written notice to quit and deliver up possession of the property pursuant to California Code of Civil Procedure § 1161. *Id.*, ¶¶ 7-8. Plaintiff alleges that defendants have failed to pay

\\

1    past-due rent owed on the property. *Id.*, ¶ 6. Plaintiff seeks restitution, reasonable

2    attorney's fees, forfeiture of the rental agreement, and damages. *Id.*, ¶ 17.

3         Defendants filed a notice of removal on September 22, 2015, invoking the

4    court's diversity jurisdiction. Removal at 2. The same day, Defendant Heredia

5    filed a Request to Proceed *In Forma Pauperis* With Declaration In Support. Dkt.

6    No. 3.

7                                **II.**

8                          **DISCUSSION**

9         Federal courts are courts of limited jurisdiction, having subject matter

10   jurisdiction only over matters authorized by the Constitution and statute. *See, e.g.,*

11   *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128

12   L.Ed.2d 391 (1994). It is this Court's duty to always examine its own subject

13   matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235,

14   163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is

15   an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*,

16   336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an

17   opportunity to respond when a court contemplates dismissing a claim on the merits,

18   it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting

19   internal citations). A defendant attempting to remove an action from state to

20   federal court bears the burden of proving that jurisdiction exists. *See Scott v.*

21   *Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption"

22   against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th

23   Cir. 1992).

24        Here, the Court's review of the Notice of Removal and the attached

25   complaint makes clear that this Court lacks jurisdiction over the instant matter.

26   Plaintiff could not have brought this action in federal court because the complaint

27   does not allege facts supplying either federal question or diversity jurisdiction, and

28   therefore removal by defendants is improper. See 28 U.S.C. 1441(a); *Caterpillar*

1    *Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987)

2    ("Only state-court actions that originally could have been filed in federal court may

3    be removed to federal court by the defendant.") (footnote omitted).

4              As the basis for removal, Defendants assert that diversity jurisdiction exists.

5    Removal at 2.  For diversity jurisdiction to exist, the amount in controversy must

6    exceed $75,000.  *See* 28 U.S.C. § 1332(a).  The amount in controversy is

7    determined from the complaint itself, unless it appears to a legal certainty that the

8    claim is worth a different amount than that pled in the complaint.  *Horton v. Liberty*

9    *Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk*

10   *v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007).

11             In filing the instant action in Los Angeles County Superior Court, Plaintiff

12   explicitly limited its demand for damages to less than $10,000.00.  (*See* Compl. at

13   1.)  Nothing in the complaint or the Notice of Removal suggests that Plaintiff's

14   claim is worth more than this amount.  Because the amount of damages that

15   Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot

16   exercise diversity jurisdiction in this case.

17             Nor does Plaintiff's complaint allege facts supplying federal question

18   jurisdiction.  The complaint alleges only an unlawful detainer cause of action,

19   which does not arise under federal law.  *See Wescom Credit Union v. Dudley*, No.

20   CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D.Cal. Nov. 22, 2010) ("An

21   unlawful detainer action does not arise under federal law.") (citation omitted);

22   *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010

23   WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state court for

24   lack of subject matter jurisdiction where plaintiff's complaint contained only an

25   unlawful detainer claim).

26   \\

27   \\

28   \\

## III.

## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed *In Forma Pauperis* is DENIED as moot.

IT IS SO ORDERED.

DATED:   9/30/05

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4